Lloyd R. Ambinder
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y

★ FEB 10 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE MARMOLEJO individually and on behalf of all other persons similarly situated who were employed by PASSAGE ON THE BAY, CORP., PASSAGE ON EMMONS INC. and/or any other entities affiliated with, controlling, or controlled by PASSAGE ON THE BAY, CORP., PASSAGE ON EMMONS INC., BADRI TSKHADAIA and VYACHESLAV ZHABOTINSKY,<br><br>Plaintiffs,<br><br>- against -<br><br>PASSAGE ON THE BAY, CORP., PASSAGE ON EMMONS INC. and/or any other entities affiliated with, controlling, or controlled by PASSAGE ON THE BAY, CORP., PASSAGE ON EMMONS INC., BADRI TSKHADAIA and VYACHESLAV ZHABOTINSKY, individually,<br><br>Defendants. | KORMAN, J.<br><br>Docket No.: AZRACK, M.J.<br><br>CV 11 - 0670<br><br>CLASS ACTION COMPLAINT<br><br>Non Jury Trial |

Plaintiff, by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 633, New York Labor Law § 650 *et seq* ; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 137-1.2 and 12 NYCRR § 137-1.3; to recover unpaid minimum wages and overtime compensation owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by PASSAGE ON THE BAY,

CORP., PASSAGE ON EMMONS INC. and/or any other entities affiliated with, controlling, or controlled by PASSAGE ON THE BAY, CORP., PASSAGE ON EMMONS INC. (hereinafter referred to as "Passage"), BADRI TSKHADAIA and VYACHESLAV ZHABOTINSKY, individually (hereinafter collectively all referred to as "Defendants").

2. Beginning in approximately 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages and overtime compensation to their employees.

3. Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

4. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including minimum wages and overtime compensation, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

6. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

7. Plaintiff Marmolejo is an individual who resides in Brooklyn, New York and who

formerly worked for Defendants as a dishwasher and food preparer from approximately 2006 to August 2010.

8. Upon information and belief, Defendant Passage on the Bay, Corp. is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 2027 Emmons Ave., 2R FL, Brooklyn, New York 11235, and is engaged in the restaurant business.

9. Upon information and belief, Defendant Passage on Emmons Inc. is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 2027 Emmons Ave., 2R FL, Brooklyn, New York 11235, and is engaged in the restaurant business.

10. Upon information and belief, Defendant Badri Tskhadaia is a resident of 2027 Emmons Ave., 2R FL, Brooklyn, New York 11235 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of Passage.

11. Upon information and belief, Defendant Vyacheslav Zhabotinsky is a resident of 2027 Emmons Ave., 2R FL, Brooklyn, New York 11235 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of Passage.

## CLASS ALLEGATIONS

12. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

13. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as restaurant employees.

14. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 80 employees. In addition, the names

of all potential members of the putative class are not known.

15. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay the minimum wage for all hours worked; and (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

16. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of (1) failing to pay the minimum wage for all hours worked and (2) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

17. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

19. Beginning in or about 2005, Defendants employed numerous individuals at Passage as dishwashers, cooks, wait staff, bus staff, bartenders, runners, and other restaurant occupations.

20. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases

interpreting same, Passage constitutes an "enterprise engaged in commerce."

21. Upon information and belief, Plaintiff and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651 and case law interpreting the same.

22. The payments made to Plaintiff and other members of the putative class by Defendants constitute "wages" as that term is defined under New York Labor Law § 651.

23. While working for Defendants, Plaintiff and the members of the putative class were regularly required to perform work for Defendants, without receiving proper minimum wages and overtime compensation as required by applicable federal and state law.

24. While working for Defendants, Plaintiff Marmolejo normally worked 6 days per week, from approximately 12 p.m. to 1:00 a.m. Plaintiff Marmolejo was paid approximately $440.00 per week in cash.

25. Plaintiff Marmolejo was not paid the minimum wage for every hour that she worked. Plaintiff Marmolejo was also not paid overtime at time and one-half her regular hourly wage for all the hours over 40 that she worked.

26. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

27. Upon information and belief, Defendants Badri Tskhadaia and Vyacheslav Zhabotinsky are officers, directors, shareholders, and / or presidents or vice presidents of Passage, and (i) have the power to hire and fire employees for Passage; (ii) supervised and controlled employee work schedules or conditions of employment for Passage; (iii) determined the rate and method of payment for Passage employees; and (iv) maintained employment records for Passage.

28. Upon information and belief, Defendants Badri Tskhadaia and Vyacheslav Zhabotinsky dominated the day-to-day operating decisions of Passage, made major personnel decisions for Passage, and had complete control of the alleged activities of Passage which give rise to the claims brought herein.

29. Upon information and belief, Defendants Badri Tskhadaia and Vyacheslav Zhabotinsky were supervisors, officers and/or agents of Passage, who acted directly or indirectly in the interest of Passage, and are employers within the meaning of the Fair Labor Standards Act. Badri Tskhadaia and Vyacheslav Zhabotinsky in their capacity as officers, directors, shareholders, and / or presidents or vice presidents, actively participated in the unlawful method of payment for Passage employees.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: **FLSA MINIMUM WAGE COMPENSATION**

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 hereof.

31. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

32. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

33. Plaintiff and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

34. Passage constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

35. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Badri Tskhadaia and Vyacheslav Zhabotinsky constitute "employers" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

36. Defendants failed to pay Plaintiff and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

37. The failure of Defendants to pay Plaintiff and other members of the putative class their rightfully owed wages was willful.

38. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

39. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 38 hereof.

40. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

41. Upon information and belief, Defendants failed to pay Plaintiff and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

42. The failure of Defendants to pay Plaintiff and other members of the putative class their rightfully owed wages and overtime compensation was willful.

43. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY MINIMUM WAGES

44. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 43 hereof.

45. Pursuant to Article Six and Article Nineteen of the New York Labor Law, workers, such as Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

46. Pursuant to 12 NYCRR 137-1.2, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

47. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such

reasonable attorney's fees."

48. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

49. As persons employed for hire by Defendants, Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651.

50. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

51. As an entity that hired the Plaintiff and other members of the putative class, Passage constitutes an "employer."

52. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq*, 650 *et seq* and the cases interpreting same, Badri Tskhadaia and Vyacheslav Zhabotinsky are "employers."

53. In failing to pay Plaintiffs and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650, *et seq*. and 663, and 12 NYCRR 137-1.2.

54. Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class minimum wages was willful.

55. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq*. and 663, and 12 NYCRR 137-1.2, and are liable to Plaintiff and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK OVERTIME COMPENSATION LAW

56. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 55 hereof.

57. Title 12 NYCRR §137-1.3 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

58. Plaintiff and, upon information and belief, other members of the putative class at times worked more than forty hours a week while working for Defendants.

59. The Named Plaintiff and, upon information and belief, other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week in violation of 12 NYCRR §137-1.3.

60. Consequently, by failing to pay to the Named Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 663 and 12 NYCRR § 137-1.3.

61. Defendants' failure to pay Named Plaintiff and members of the putative class overtime compensation was willful.

62. By the foregoing reasons, Defendants have violated New York Labor Law §§ 663 and 12 NYCRR § 137-1.3 and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial,

plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on his second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on his third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) on his fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
      February 8, 2011

By: _____
Lloyd R. Ambinder
Leonor H. Coyle
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
lcoyle@vandallp.com
Tel:  (212) 943-9080
Fax:  (212) 943-9082
*Attorneys for Plaintiff and Putative Class*